UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER OTIS MATTHEWS, as
Personal Representative for the Estate of
Ezana Alexander Matthews,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA,

*Defendant*.

No. 18-cv-1190 (RDM)

## **MEMORANDUM OPINION**

"Nothing that [the Court] write[s], no matter how well reasoned or forcefully expressed, can bring back the victim of [the] tragedy" at hand. *Brewer v. Williams*, 430 U.S. 387, 415 (1977) (Stevens, J., concurring). In this case, as in all cases, the Court's obligation remains to apply the law. And, here, that obligation requires dismissal of Plaintiff's claims on behalf of his son, Ezana Matthews.

A full account of the tragic circumstances of Ezana Matthews's death are recounted in this Court's prior opinion, Dkt. 23 at 1–4, but the following facts from the amended complaint warrant repetition and are taken as true for purposes of the District's motion to dismiss. *See Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014). Ezana was a 25-year-old Army veteran. Dkt. 25 at 2. Upon his honorable discharge from the Army, Ezana lived with his paternal grandmother in Washington, D.C. *Id.* On May 4, 2017, Ezana's 81-year-old grandmother came home and found him hanging from a pull-up bar in a bedroom. *Id.* Unable to cut him down herself, as instructed by the 911 operator, she "ran to a neighbor's home" and found a group of men "who were able to physically perform the task." *Id.*

When an officer from the Metropolitan Police Department ("MPD") arrived, that officer allegedly "made no effort" to revive Ezana, such as by "attempt[ing] CPR," "provid[ing] oxygen," or deploying a defibrillator. *Id.* That inaction, according to Plaintiff, violated "all applicable laws, statutes, regulations [and] MPD special and general orders when encountering unconscious persons." *Id.* Plaintiff also contends that MPD officers and detectives were "wholly negligent in their investigation of the circumstances surrounding [his son's] death." *Id.*

Plaintiff's original complaint asserted claims under the Eighth Amendment, the Fifth Amendment's Due Process Clause, and under D.C. tort law. *See* Dkt. 1. The District moved to dismiss that complaint with respect to all claims, Dkt. 5, and the Court granted that motion while granting Plaintiff leave to amend his complaint. *See* Dkt. 23, Dkt. 24. In the memorandum opinion granting that motion, the Court construed the Plaintiff's due process claims as *substantive* due process claims and dismissed them on the basis that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Dkt. 23 at 5 (quoting *DeShaney v. Winnebago Cty. Dep't Social Servs.*, 489 U.S. 189, 196 (1989)).

Plaintiff's amended complaint is itself ambiguous as to whether it asserts a common law tort claim in addition to a procedural due process claim. *See* Dkt. 25 at 3. But, in his response to the District's motion to dismiss, Plaintiff categorically states that he "argued no Common Law Tort Claims in the amended complaint so the defendant's opposition to these claims is misplaced." Dkt. 30 at 1. Thus, the Court is left only to consider Defendant's motion to dismiss Plaintiff's new procedural due process claim. That claim must be dismissed.

The Supreme Court has held that the "Due Process clause . . . is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (applying this rule to both procedural and substantive due process claims). And, Plaintiff makes no allegations that the offending officer's actions were anything other than "negligent." *See* Dkt. 25 at 2. More importantly, the "fundamental" interest the Due Process clause protects is the "opportunity to be heard 'at a meaningful time and in a meaningful manner,'" when the government makes decisions that deprive individuals of life, liberty, or property interests. *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Because Plaintiff does not allege that he—or his son—was denied an "opportunity to be heard," or denied any other *procedural* protections, the Court must dismiss his complaint for failure to plead facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also DeShaney*, 489 U.S. at 196; *Futch v. Fine*, 342 Fed. App'x 638, 639 (D.C. Cir. 2009) (per curiam) (affirming a dismissal for failure to state a claim where a complaint "alleged a due process right to an investigation").

The Court will, accordingly, GRANT Defendant's motion to dismiss. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 20, 2019